# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JULIE BAKER,

                Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*,

                Defendants.

Case No. 2:13–cv–1916–JAD–VCF

**<u>ORDER</u>**

      This matter involves Julie Baker's breach of contract action against State Farm. (*See* Compl. #1-1[1]). Before the court is State Farm's motion to strike Baker's designation of expert witness (#11). Baker filed an opposition (#12); and State Farm replied (#13). For the reasons stated below, State Farm's motion is granted in part and denied in part.

## LEGAL STANDARD

      Federal Rules of Civil Procedure 26(a)(2) governs expert disclosures. Expert disclosures are subject to time and content requirements. Rule 26(a)(2)(D) governs timing and states that expert disclosures must be made "at least 90 days before the date set for trial" and that rebuttal expert disclosures must be made "within 30 days after the other party's disclosures." FED. R. CIV. P. 26(a)(2)(D)(i)–(ii). In the District of Nevada, these deadlines are shortened by Local Rule 26-1(e)(3), which states that expert disclosures must be made "sixty (60) days before the discovery cut-off date" and that rebuttal expert disclosures must be made "thirty (30) days after the initial disclosure of experts."

---

[1] Parenthetical citations refer to the court's docket.

These deadlines are subject to modification by the court's entry of a discovery plan and scheduling order. *See* LR 26-1(e)(3).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) governs the content of rebuttal experts and states that a rebuttal expert's testimony is limited to testimony that "contradict[s]" or "rebut[s]". *See* FED. R. CIV. P. 26(a)(2)(D)(ii); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008). This means that an expert's rebuttal testimony may not introduce new, alternative or previously unconsidered theories. *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980) ("'The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party,' and the decision to admit rebuttal testimony 'is entrusted to the sound discretion of the district court.'"); *see also In re Piasecki*, 745 F.2d 1468, 1472 (Fed. Cir. 1984) (stating that rebuttal expert reports must include "a showing of facts supporting the opposite conclusion"). Rebuttal testimony must address the same subject matter and refute the previous expert's conclusions regarding that subject matter. *Luschen*, 614 F.2d at 1170; *In re Piasecki*, 745 F.2d at 1472.

Rule 37 "gives teeth" to these requirements by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(c)(1) was implemented by the 1993 amendments to the Federal Rules of Civil Procedure to broaden of the court's sanctioning power. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir.1998)). The Advisory Committee Notes state that Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for the proper disclosure of material." FED. R. CIV. P. 37 Advisory Comm. Notes (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). Because the rules are designed to be self-

executing, the nonmoving party bears the burden of demonstrating that that an allegedly improper disclosure is either proper, harmless, or substantially justified. *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107).

## DISCUSSION

State Farm's motion raises one question: whether the report of Dr. Gross, who is Baker's designated rebuttal expert, presents testimony that rebuts the report of Dr. Schifini, who is State Farm's designated expert. (*See* Def.'s Mot. to Strike (#11) at 4:1–9).[2]

State Farm's motion is granted in part for two reasons. First, Baker concedes that only part of Dr. Gross's report is dedicated to rebutting Dr. Schifini's testimony. Baker states: "Dr. Gross specifically addresses Dr. Schifini's report line by line on page 16 of 19." (Pl.'s Opp'n (#12) at 4:26–28). This concession is confirmed by the court's review of Dr. Gross's report.[3] Only one page—page sixteen—responds to Dr. Schifini's report. For instance, pages one through eight of Dr. Gross's report discuss Baker's medical history and Dr. Gross's independent examination of Baker. (*See* Gross Report (#11-3) at 6–13). Pages nine through seventeen discuss Dr. Gross's opinion regarding his own independent review of Baker's pevious examinations and medical records. (*Id.* at 14–22). Of these pages, paragraph eighteen, which appears on pages sixteen and seventeen, responds to Dr. Schifini's report. (*Id.* at 21–22). The rest of the report discusses Dr. Gross's independent medical opinion. Accordingly, the majority of the report is not rebuttal testimony, as required by Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

---

[2] State Farm's motion also raises the question of whether Dr. Gross is an untimely disclosed initial expert, as opposed to a rebuttal expert. (*See* Def.'s Mot. to Strike (#11) at 4:1–9). If Dr. Gross is an initial expert, then State Farm also moves the court to strike him on the grounds of being untimely disclosed. (*Id.*) Baker concedes that Dr. Gross is a rebuttal expert. (Pl.'s Opp'n (#12) at 6:12–13). Therefore, the court declines to address the question of whether Dr. Gross is an untimely disclosed initial expert.

[3] This concession is also confirmed by Baker's designation of expert witness, which states that only part of Dr. Gross's testimony will directly respond to Dr. Schifini's report. (*See* Pl.'s Designation (#11-3) at 1–2).

Second, the heart of Baker's opposition argues that Dr. Schifini's expert report is "a foundationless opinion." (Pl.'s Opp'n (#12) at 7:16). Without examining whether Dr. Schifini's report is supported by a proper foundation, the court simply notes that this argument is misplaced. Baker may raise this argument at trial or in motion *in limini* but not here. In the motion before the court, the question is whether or not Dr. Gross' testimony rebuts Dr. Schifini's testimony. If, as Baker argues, Dr. Schifini failed to examine Baker, that fact should have been noted by Dr. Gross to rebut Dr. Schifini's opinion. However, Dr. Schifini's alleged failure to examine Baker does not open the door for Dr. Gross to introduce new, alternative or previously unconsidered theories regarding Baker's injuries. *See Luschen*, 614 F.2d at 1170. That is not a rebuttal expert's role; but that is precisely what the majority of Dr. Gross's report does.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that State Farm's motion to strike (#11) is GRANTED.

IT IS FURTHER ORDERED that Dr. Gross report is STRICKEN with the exception of PARAGRAPH EIGHTEEN ON PAGES SIXTEEN AND SEVENTEEN, which rebuts Dr. Schifini's expert opinion.

IT IS SO ORDERED.

DATED this 16th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE