# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JULIE A. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cv-01916-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, a Foreign | ) | |
| Corporation; DOES 1 through 10; ROE | ) | |
| ENTITIES 11 through 20, inclusively jointly | ) | |
| and severally, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion for Summary Judgment (ECF No. 14) filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). However, because the Court lacks subject matter jurisdiction over the case, the Court remands this case to the Eighth Judicial District Court.

## I.     <u>BACKGROUND</u>

Plaintiff Julie A. Baker ("Plaintiff") originally filed her complaint in state court on September 16, 2013. *See* (Compl., ECF No. 1-1). In her Complaint, Plaintiff alleges that on March 22, 2013, she was injured in a motor vehicle collision caused by the negligence of a non-party tortfeasor. (*Id.* at ¶¶ 7–10). She further alleges that at the time of the accident, her vehicle was insured by State Farm with a policy that included underinsured motorist ("UIM") coverage and that she could not recover the full amount of her damages from the non-party tortfeasor. (*Id.* at ¶¶ 16–24).

On October 18, 2013, State Farm removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. of Removal 2:2-6, ECF No. 1).

Specifically, State Farm asserts that Plaintiff is domiciled in Nevada and that Defendant State Farm is domiciled in Illinois. (*Id.* 2:7-10.)  State Farm further asserts that "the matter in controversy exceeds the sum of $75,000.00." (*Id.* 2:4-5).  State Farm bases this assertion on the fact that its UIM policy limits are $15,000 per person and that "the contractual limits of the policies, as well as the claimed punitive and tort damages are sufficient to exceed the limit." (*Id.* 2:11-20).

On October 20, 2014, after reviewing State Farm's Notice of Removal (ECF No. 1) and Statement Regarding Removal (ECF No. 6), the Court entered an Order to Show Cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 19).  Specifically, the Court requested that State Farm provide additional basis for its assertion that the case involved the requisite amount in controversy. (*Id.*). Subsequently, on November 3, 2014, State Farm filed a Response to this Court's Order to Show Cause. (ECF No. 21).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

## III.    DISCUSSION

In this case, State Farm bases its removal of the action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  However, State Farm has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  Although State Farm established that the diversity of citizenship requirement is satisfied, it failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In its Response to the Court's Order to Show Cause (ECF No. 19), State Farm asserts that "it is clear that the cumulative value of Plaintiff's claims as pled far exceed this Court's jurisdictional minimums of $75,000.00, especially in light of extra-contractual or bad faith claims, and the allegation of punitive damages . . . ." (Resp. to OSC 2:24-26, ECF No. 21).  However, the few facts relied upon by State Farm to justify that assertion instead support the exact opposite conclusion.

According to State Farm, Plaintiff has claimed "accident-related expenses in excess of $32,345.00 and the need of costly future medical care." (*Id.* 2:2-5). However, subtracted from the amount of accident-related damages Plaintiff may receive is the amount Plaintiff has already received from the tortfeasor's insurer, which State Farm "believe[s to be] the $50,000.00 per person limits" of the tortfeasor's policy. (*Id.* 2:11-15). Therefore, Plaintiff's accident-related damages here could only be the amount of her future unspecified medical costs that when added to her current costs exceed $50,000. Moreover, no matter how high Plaintiff's future medical costs go, Plaintiff's contractual damages cannot exceed State Farm's UIM policy limit of $15,000 per person.

State Farm attempts to bolster its claim that the amount in controversy is met by asserting that because Plaintiff's Complaint includes damages for emotional distress in addition to her contractual damages, "it is anticipated that Plaintiff will seek at least $95,000 - $105,000 in general damages alone." (Resp. to OSC 6:18-19, ECF No. 21). How State Farm arrived at this theoretical range, however, is not explained or justified by any facts, and such a blanket assertion "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [State Farm's] burden of setting forth . . . the *underlying facts* supporting its assertion that the amount in controversy" has been met. *Gaus*, 980 F.2d at 567; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a Defendant's statement in the Notice of Removal that "upon information and belief, it submits that the amount in controversy . . . exceeds $75,000.00" is insufficient evidence to establish that it is more likely than not that the amount in controversy exceeds that amount) (internal quotations omitted).

State Farm is correct that Plaintiff's request for punitive damages and attorney's fees must also be taken into account when determining the amount in controversy in a case. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that, among other things, any exemplary or punitive damages or attorney fees that are sought in the complaint are

included in the calculation to determine the amount in controversy). "However, the mere possibility of a punitive damages award is insufficient to prove the amount in controversy requirement has been met." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012). A defendant must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). To establish that the punitive damages will more likely than not exceed the amount needed to increase the amount in controversy above $75,000, a defendant must present evidence of probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases. *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Likewise, "for a court to consider attorneys' fees in its calculation of the amount in controversy, the defendant must provide factual support for its argument that such fees should be considered." *McCaa*, 330 F. Supp. 2d at 1150.

Here, State Farm has failed to provide any information establishing that the amount sought in attorneys' fees or punitive damages would result in the amount in controversy exceeding the statutorily required amount. Instead, State Farm supports it contention that these damages will push the amount in controversy over the jurisdiction amount by hypothesizing that "[i]f Plaintiff seeks to 'punish' a large corporation like State Farm[,] then clearly an amount in excess of $75,000.00 would be requested by Plaintiff." (Resp. to OSC 7:14-17, ECF No. 21). Such unsubstantiated speculation, however, is not evidence that punitive damages and attorneys' fees will more likely than not cause the amount in controversy to exceed $75,000.

For these reasons, State Farm has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial

District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 8th day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge